UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD CARL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-3070 |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

**COLIN STIRLING BRUCE, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Taylorville

Correctional Center. His Complaint is before the Court for a merit

review pursuant to 28 U.S.C. § 1915A.  This section requires the

Court to identify cognizable claims stated by the Complaint or

dismiss claims that are not cognizable.[1]  In reviewing the complaint,

the Court accepts the factual allegations as true, liberally

construing them in Plaintiff's favor and taking Plaintiff's pro se

status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff provides many details, but the details are not necessary to recount at this stage.  In sum, Plaintiff alleges that Defendants Dr. Nawoor, Dr. Ritz, Dr. David Alfonso, and Wexford Health Sources, Inc., so delayed the diagnosis and effective treatment of Plaintiff's ulcerative colitis that his condition has substantially worsened and is now severe.  Plaintiff alleges that, as a result, his prognosis is far worse than what his prognosis would be had he been diagnosed promptly and properly treated. Defendants Nurse Eggimen and Health Care Administrator Hackney allegedly also played a part in this denial of care.  The alleged lack of care began in 2016 at Shawnee Correctional Center and continued after Plaintiff's transfer to Taylorville Correctional Center in January 2017.  Plaintiff alleges that he is now receiving Humira but that Defendants have not checked to see if the Humira is working.

These allegations state plausible Eighth Amendment claims against Defendants for deliberate indifference to Plaintiff's serious medical needs. Plaintiff may have statute of limitations problems with his claims arising from his care in Shawnee Correctional Center, but that determination will await a well-supported motion by Defendants.

Plaintiff filed a motion for counsel with his complaint and filed an "emergency motion for appointment of counsel" on April 4, 2019. Plaintiff alleges in his emergency motion for counsel that he needs to file a temporary restraining order and that he has "massive sores" on his legs and a swollen ankle. At this point, Plaintiff appears competent to proceed pro se at least while the complaint is being served. Plaintiff's medical condition is complex, but Plaintiff's complaint is very well written and attaches relevant exhibits. Additionally, a letter attached to Plaintiff's first motion for counsel indicates that the law firm of WC Shaffer III expressed interest in representing Plaintiff, subject to reviewing Plaintiff's medical records.

If Plaintiff believes he is currently at risk of irreparable harm, Plaintiff should file a motion titled "motion for a temporary

restraining order/preliminary injunction" setting forth his current treatment, his current condition, and the specific relief he needs the Court to order.  The Court will then determine whether a hearing is necessary and what further steps need to be taken.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants for deliberate indifference to his serious medical needs.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)     Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an

answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)     If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)    **Plaintiff's motions for counsel are denied with leave to renew after Defendants have been served and have appeared through counsel.  (d/e's 5, 6.)**

**12)** **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

**13)** **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   May 30, 2019

FOR THE COURT:

**s/Colin Stirling Bruce**
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE
